```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```
LORI MITCHELL,

       Plaintiff,

v.                            CASE NO.  8:06-CV-41-T-17TBM

ALLSTATE INSURANCE
COMPANY,

       Defendant.

_____/

ORDER

    This cause is before the Court on:

    Dkt. 4  Motion to Dismiss and to Strike
    Dkt. 5  Memorandum
    Dkt. 12 Response

    This case is a third party bad faith claim for compensatory and punitive damages pursuant to S. 624.155, <u>Fla</u>. <u>Stat</u>,

A.   Common Law Bad Faith Claim
      Statutory Bad Faith Claim

    Defendant requests dismissal of claims for bad faith because Plaintiff cannot meet the requirements of a common law bad faith claim or a statutory bad faith claim under S. 624.155.

    Plaintiff responds that Plaintiff is not asserting a common law bad faith claim, but is only asserting a claim under S. 624.155 (1)(a)(1), referring to S. 626.9541(1)(i)(3)(a) and (d). The Court grants the Motion to Dismiss without prejudice as to this issue.  The Court understands that the Federal Rules require only notice pleading.  However, it will assist the Court in efficiently resolving this case if the Complaint contains more

Case No. 8:06-CV-41-T-17TBM

specific information. The Court directs Plaintiff to amend the Complaint to identify with specificity the statutory section on which Plaintiff is asserting claims, and briefly state how the facts substantiate Plaintiff's claims.

B.   Claim for Emotional Distress or Mental Anguish

Defendant requests the dismissal of any claim for emotional distress or mental anguish, relying on Conquest v. Auto-Owners Insurance Company, 773 So.2d 71 (2d DCA 1998)(delay alone insufficient to establish outrageous conduct).

Plaintiff has provided the factual predicate on which Plaintiff's claim for emotional distress rests, which includes the retention of Dr. McFall, and Dr. Greenberg's change of testimony which deprived Plaintiff of a directed verdict on the issue of permanent neck injury at the trial.

The Court agrees with Plaintiff that this issue cannot be resolved in a Motion to Dismiss, and the Court expects it will be addressed later in a dispositive motion. The Court denies the Motion to Dismiss as to this issue.

C.  Punitive Damages

Defendant requests dismissal of the claim for punitive damages for failure to comply with S. 768.72, Fla. Stat, and Florida Rule of Civil Procedure 1.190.

Case No. 8:06-CV-41-T-17TBM

Plaintiff responds that Eleventh Circuit precedent controls this issue, and Plaintiff is permitted to include the request for punitive damages in the initial complaint. See Cohen v. Office Depot, Inc., 184 F.3d 1292 (11th Cir. 1999).

After consideration, the Court denies the Motion to Dismiss as to punitive damages.

D.  Lack of Subject Matter Jurisdiction

Defendant requests dismissal because Plaintiff has not fulfilled the conditions precedent pursuant to S. 624.155, F.S. Defendants argue that Plaintiff's Civil Remedy Notices do not include the factual basis for Plaintiff's 624.155 claims.

Plaintiff responds that the Notices include a designation of the statutory sections, and a narrative is attached to one Notice.

It is not a secret that Plaintiff is dissatisfied with Defendant's course of conduct during her claim. After consideration, the Court denies the Motion to Dismiss as to this issue.

E.  Motion to Strike

After consideration, the Court denies Plaintiff's Motion to Strike. Accordingly, it is

3

Case No. 8:06-CV-41-T-17TBM

**ORDERED** that the Motion to Dismiss is **granted in part and denied in part**, and Plaintiff shall file an Amended Complaint within ten days.  The Motion to Strike is denied.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 30th day of May, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

4